**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-602-GMS |
| | : | |
| MALCOLM G. HOWE and ELITE | : | |
| INTERNATIONAL TRADERS, INC., | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF VOLUNTARY DISMISSAL**

COMES NOW, the United States of America ("United States"), by its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney, and voluntarily dismisses with prejudice the above-captioned action pursuant to Fed. R. Civ. P. 41(a) and subject to the terms of the settlement agreement attached hereto as Ex. A.

DATED: March 30, 2007.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:  /s/ Seth M. Beausang
Seth M. Beausang (De. I.D. No. 4071)
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, Delaware 19801
(302) 573-6277
seth.beausang@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Seth M. Beausang, hereby attest under penalty of perjury that on this 30th day of March, 2007, I caused a copy of the United States' Notice of Voluntary Dismissal to be served on the following counsel by electronic filing:

Kathleen M. Jennings-Hostetter
(De. I.D. No. 913)
Oberly Jennings & Rodunda, P.A.
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, DE  19899


                                                  /s/ Seth M. Beausang
                                        Seth M. Beausang (DE I.D. No. 4071)

EXHIBIT A

SETTLEMENT AGREEMENT

I. PARTIES

This Settlement Agreement ("Agreement") is entered into by and among:
(A) the United States of America, acting by and through its authorized counsel, on behalf of the United States Department of Defense and the Defense Finance and Accounting Service ("DFAS") (collectively, the "United States"); and (B) Malcolm G. Howe and Elite International Traders, Inc. ("Defendants") by and through their authorized counsel. The United States and Defendants are hereinafter collectively referred to as the "Parties."

II. PREAMBLE

A. WHEREAS, this Agreement addresses the United States' civil claims against Defendants for the conduct alleged in *United States v. Howe*, No. 06-602-GMS (D. Del.) (hereinafter the "Complaint"), which relates specifically to Defendants' submission of a false and fraudulent claim to DFAS for payment of $152,850, in or around January, 2001 (hereinafter collectively referred to as the "Covered Conduct");

B. WHEREAS, this Agreement also addresses criminal forfeiture sought by the United States in *United States v. Howe*, No. 04-85-GMS (D. Del.).

C. WHEREAS, this Agreement also addresses any claims that Defendants have or may have against the United States concerning the alleged Covered Conduct, the United States' investigation of the Covered Conduct, and/or the filing of the Complaint;

D. WHEREAS, this Agreement also addresses the Parties' claims for attorneys' fees, if any;

E. WHEREAS, the Parties agree that this Agreement does not constitute an admission
by any person or entity, and shall not be construed as an admission by any person or entity, with respect to any issue of law or fact arising from the Covered Conduct alleged, nor shall this Agreement be construed as a concession by the United States that these claims are not well founded;

F. WHEREAS, the Parties wish to avoid the delay, expense, inconvenience and uncertainty of protracted litigation of these claims and to reach a full and final compromise pursuant to the Terms and Conditions set forth below.

III. TERMS AND CONDITIONS

NOW, THEREFORE, in reliance on the representations contained herein and in

1

consideration of the mutual promises, covenants and obligations in this Agreement, and for good and valuable consideration, as stated herein, the Parties agree as follows:

1. Settlement Amount: Within five (5) business days of the effective date of this Agreement, Defendants agree to pay the United States the total sum of ONE HUNDRED SIXTY THREE THOUSAND, EIGHT HUNDRED AND FIFTY DOLLARS ($163,850) (hereinafter the "Settlement Amount"), by electronic funds transfer, pursuant to written instructions provided by the United States. By executing this Agreement, Defendants acknowledge receipt of the electronic funds transfer instructions. Defendants agree that if the Settlement Amount is not paid in full within the time required, then Defendants shall be in material breach of this Agreement.

2. Dismissal of the Complaint: Within ten (10) business days following the receipt of
Defendants' payment in full of the Settlement Amount, the United States will file a notice of voluntary dismissal of the Complaint, with prejudice, subject to the terms of this Agreement. The dismissal will include a copy of this Agreement as an attachment.

3. Defendants Release: Subject to the United States' compliance with the terms of this Agreement, the Defendants, by this Agreement, fully and finally release the United States, its agencies, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) which Defendants have asserted, could have asserted, or may assert in the future, against the United States, its agencies, employees, servants, and agents, related to the conduct alleged in the Covered Conduct and the United States' investigation and prosecution thereof. Nothing in this Agreement is intended to waive Defendants' defense arguments in connection with the appeal in *United States v. Howe*, No. 04-85-GMS (D. Del.) and any proceedings attendant to that appeal including those on remand.

4. United States Release: Subject to Defendants' full compliance with the terms of this Agreement, and upon receipt of payment in full of the Settlement Amount, the United States shall hereby release Defendants, including Defendants' current and former officers, directors, employees, shareholders, parents, affiliates, successors and assigns, from any civil or administrative monetary claim the United States has or may have under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Contract Disputes Act, 41 U.S,C, § 601 et seq.; or the common law theories of payment by mistake, unjust enrichment, breach of contract, and fraud; for the activities alleged in the Covered Conduct. The United States' rights against other tortfeasors are expressly reserved. The United States further agrees that it will not pursue criminal forfeiture in *United States v. Howe*, No. 04-85-GMS (D. Del.). Nothing in this Agreement is intended to waive the United States' right to

pursue remedies, other than forfeiture, restitution, or any other monetary penalty, in connection with *United States v. Howe*, No. 04-85-GMS (D. Del.).

5. Not Released: The United States does not release, and specifically reserves the right
to assert the following claims, as to which Defendants (including Defendants' former officers, directors, employees, affiliates, successors and assigns) reserve the right to assert all defenses: (a) Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code); (b) Any criminal liability; (c) Except as explicitly stated in this Settlement Agreement, any administrative liability, including debarment and suspension; (d) Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; (e) Any claims based upon such obligations as are created by this Settlement Agreement; (f) Any express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services; (g) Except as explicitly stated in this Agreement, any liability for failure to deliver goods or services due; and (h) Except as explicitly stated in this Agreement as to Defendants, any civil or administrative claims against individuals, including current or former directors, officers, employees, agents or shareholders of Defendants, who receive written notification from a United States Attorney's Office that they are the target of a criminal investigation, are indicted, charged, or convicted, or who enter into a plea agreement related to the Covered Conduct.

6. Debarment Issues: It is expressly understood that this Settlement Agreement has no
bearing on the rights or obligations of the Parties with respect to potential administrative suspension and debarment issues.

7. Waiver: Defendants waive and will not assert any defenses Defendants may have to any criminal prosecution or administrative action (which has not been released as explicitly stated herein) relating to the Covered Conduct, which defenses may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Defendants agree that this settlement is not punitive in purpose or effect. Nothing in this Agreement constitutes an agreement by the United States concerning the characterization of the amounts paid hereunder for purposes of any proceeding under Title 26 of the Internal Revenue Code.

8. Third Parties: This Agreement is intended to be for the benefit of the United States
and Defendants only, and does not benefit or release any third parties. Except as expressly provided herein, the terms of this Agreement are in no way intended to, nor are they to be construed to, work a release of liability or in any way create a benefit in favor of any person not a party to this Agreement.

3

9. Unallowable Costs: The Parties agree that all costs (as defined by Federal Acquisition Regulation § 31.205-47(a)) incurred by or on behalf of Defendants and its officers, directors, agents, and employees, in connection with: (1) the matters covered by this Agreement, (2) the United States' audits and investigations of the matters covered by this Agreement, (3) Defendants' investigation, defense of the matter, and corrective actions undertaken in response to the United States' investigation of the Covered Conduct, including but not limited to related audit work and attorneys' fees and costs; (4) the negotiation of this Agreement; and (5) the payment Defendants make to the United States pursuant to this Agreement, including any costs and attorneys fees; shall be unallowable costs for government contract accounting purposes. These costs shall be separately accounted for by Defendants. Nothing in this Agreement shall be construed as allowing such costs under the provisions of a contract or subcontract.

10. Financial Condition: Malcolm G. Howe expressly warrants that he has reviewed his financial situation and that he currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I) and will remain solvent following payment to the United States of the Settlement Amount. Further, the Parties expressly warrant that, in evaluating whether to execute this Agreement, the Parties: (a) have intended that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(1), and (b) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay, or defraud any entity to which Defendants might become indebted, on or after the date of this transfer, all within the meaning of 11 U.S.C. § 548(a)(1).

11. Bankruptcy: If, within 91 days of the effective date of this Agreement, Defendants commence, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors, (A) seeking to have any order for relief of Defendants' debts, or seeking to adjudicate Defendants as bankrupt or insolvent; or (B) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendants or for all or any substantial part of Defendants' assets, Defendants agree as follows:

(a) Defendants' obligations under this Agreement may not be avoided pursuant to 11 U.S.C. §§ 547 or 548, and Defendants will not argue or otherwise take the position in any such case, proceeding, or action that: (i) Defendants' obligations under this Agreement may be avoided under 11 U.S.C. §§ 547 or 548; (ii) Defendants were insolvent at the time this Agreement was entered into, or became insolvent as a result of the payment made to the United States

4

hereunder; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Defendants.

(b) If Defendants' obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, in its sole discretion, may rescind the releases in this Agreement, and bring any civil and/or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the releases provided in this Agreement. Defendants agree that (i) any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. Section 362(a) as a result of the action, case, or proceeding described in the first clause of this Paragraph, and Defendants will not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay; (ii) Defendants will not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceeding which are brought by the United States within 120 calendar days of written notification to Defendants that the releases herein have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the date that this Agreement was signed by all Parties; and (iii) Defendants waive any defenses or objections that Defendants have or may have to the United States' claims against Defendants, and the United States may pursue its claims in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

(c) Defendants acknowledge that their agreement in this Paragraph is provided in
exchange for valuable consideration provided in this Agreement.

12. No Admissions: Nothing in this Agreement or in the payment described herein shall be construed as an admission of fact, liability or wrongdoing, or a waiver of any rights or legal defenses (except as expressly provided in this Agreement), by Defendants or any of their affiliated entities, their current or former officers, directors, and employees, or their successors and assigns; nor shall this Agreement be construed as a concession by the United States that its claims are not well founded.

13. Successors: The provisions of this Agreement shall be binding upon the Parties to
it, their affiliated entities, and their collective successors and assigns.

14. Complete Agreement: This Agreement constitutes the complete agreement between
the Parties. This Agreement may not be amended except by written consent of the Parties.

5

15. Authorized: Each person who signs this Agreement in a representative capacity
warrants that he or she is duly authorized to do so. The United States signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

16. Originals: This Settlement Agreement may be executed in counterparts, each of
which constitutes an original and all of which constitute one and the same agreement. Signatures sent by facsimile shall have the same force and effect as original signatures.

17. Effective Date: This Agreement is effective on the date of the signature of the last
signatory to the Agreement.

18. Legal Costs: Each party to this Agreement will bear its own legal and all other costs, fees or expenses incurred in connection with the investigation, litigation, or settlement of this matter, including the preparation and performance of this Agreement.

19. No Duress: Defendants represent that this Agreement has been freely and voluntarily
entered into without any degree of duress or compulsion whatsoever.

20. Governing Law: This Agreement is governed by the laws of the United States. The
Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement will be the United States District Court for the District of Delaware.

21. Public Document: All Parties consent to the disclosure of this Agreement, and
information about this Agreement, to the pubic.

The Parties hereto affix their signatures:

On Behalf of Defendants:

*[signature]*
Kathleen M. Jennings-Hostetter
(De. I.D. No. 913)
Oberly Jennings & Rodunda, P.A.
Attorneys
~~800 Delaware Avenue~~ 1220 Market Street, Suite ~~901~~ 710
P.O. Box 2054
Wilmington, DE 19899

*[signature]*
Malcolm G. Howe

Individually and in his official capacity as
president of Elite International Traders, Inc.

On Behalf of the United States:

COLM F. CONNOLLY
United States Attorney

*[signature]* 3/21/07
Seth M. Beausang
(De. I.D. No. 4071)
   Assistant United States

1007 N. Orange St., Suite 700
   Wilmington, DE 19801

7